PEARSON, Chief Judge.
This is an appeal from an order granting plaintiff-appellee’s motion for relief from a final judgment, pursuant to Rule 1.540(b) (3), Florida Rules of Civil Procedure, 31 F.S.A. The motion for relief under the rule was grounded on the assertion that the final judgment in this cause had been obtained by fraud and misconduct of the appellant. The court made the following findings:
“ * * * by and on the basis of clear and convincing evidence that, in the jury trial of this cause, the Defendant, DR. LEWIS FAGAN, was guilty of fraud on the Court and other misconduct, in, inter alia, committing perjury, suborning perjury, and engaging in a fraudulent scheme for the production of fraudulent testimony and documents; which fraud and other misconduct contributed to the verdict and judgment for the Defendant sought to be vacated herein * * *»
Upon the basis of this conclusion the trial court entered the order which vacated the final judgment and ordered a new trial.
The appellee initiated the action with which we are concerned by filing a complaint alleging that the appellant had treated her for a nasal condition and that he had improperly prescribed the drug Chloromyce-tin in connection with the treatment and that as a result of his negligence, the appel-lee had been permanently damaged. The case was tried in March 1969. It resulted in a verdict and judgment for the defendant-appellant. In January 1970 appellee filed her motion for relief pursuant to Rule 1.540(b) (3). On February 26 the appellant filed a motion entitled “Motion To Deny Summary Hearing And For A Jury Trial.” On the morning of March 9 the court entered its order directing that the motion to set aside final judgment should be heard beginning that afternoon and reciting that the court, after hearing, had denied appellant’s motion for a jury trial. After hearings on March 9, 12, and 17, 1970, during which testimony for both parties was presented, the trial court entered its order as above recited.
The appellant has presented four points in his argument for reversal. The first urges that the court erred in denying his request for a jury trial of the fact issues raised by the motion for relief from judgment. This argument proceeds as follows: Rule 1.540 is a substitute for the common law writ of error coram nobis; at common law a defendant was entitled to a trial of issues of fact made upon the writ and the response thereto; since this right *581 existed at the time of the adoption of the Constitution of the State of Florida, it cannot he abrogated by the portion of Rule 1.540(b) that abolishes writs of coram nobis.
Five jurisdictions have relatively recent reported decisions on the question of the right to have a jury determine the factual issues raised by a motion to vacate a judgment. The judgments involved in three of those jurisdictions were judgments by confession. In Illinois the right to a jury in proceedings on motions to vacate such judgments is statutory. See Barkhausen v. Naugher, 395 Ill. 562, 70 N.E.2d 565 (1947). In Ohio, the right is decisional, not statutory. See Bellows v. Bowlus, 83 Ohio App. 90, 82 N.E.2d 429 (1948). North Carolina’s position is contradictory to Ohio’s. See Howard v. Boyce, 254 N.C. 255, 118 S.E.2d 897 (1961). The Ohio rule is not applicable to our decision of this cause, because judgments by confession of attorney are void in this state. See § 55.05, Fla.Stat, F.S.A. The Illinois rule is inapplicable for this foregoing reason and also because no Florida statute authorizes jury trial of the issues raised by motions to vacate judgments.
The strongest authority for appellant’s position is an Arizona decision, Preston v. Denkins, 94 Ariz. 214, 382 P.2d 686 (1963). There the court declared it was error (382 P.2d at 690) (albeit harmless, 382 P.2d at 692) to deny appellant’s timely request for a jury trial on the motion to vacate judgment because “the nature of the issues determines the right to a jury. * * * In a suit in equity to receive the relief sought by a motion to vacate either party would have a right to demand a jury.” 382 P.2d at 690. Without stating an opinion whether a party in an equitable action to vacate a judgment has the right to demand a jury in this state we cannot for the following reasons accept the conclusion of the Arizona Supreme Court that a party in a motion to vacate a judgment pursuant to the applicable rule of civil procedure has a right to have a jury resolve issues of fact.
First, we agree with Professor Moore that trying by jury the factual issues raised by a motion to vacate has unsatisfactory results and should be avoided because it would introduce needless confusion and uncertainty. See 7 Moore’s Federal Practice § 60.28 [3], p. 329.
Second, we think the following provision of Rule 1.540(b) fixes the power to grant relief in the court, without the mandatory assistance of a jury: “On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment * * (Emphasis added.) Compare State ex rel. Beckham v. Vanderburgh Circuit Court, 233 Ind. 368, 119 N.E.2d 713, 716 (1954), a decision of the fifth of the jurisdictions mentioned above.
Last, we think the rule that relief under Rule 1.540 is to be granted at the discretion of the court and cannot be invoked as a matter of right (see, e. g., Shongut v. Malnik, Fla.App. 1965, 173 So.2d 708; Butler v. Butler, Fla.App.1965, 172 So.2d 899) is an implied declaration that it would be an improper infringement of a court’s power to require the court to have a jury resolve the factual issues raised by a motion for relief and, in effect, have the jury determine whether the movant is entitled to relief.
We conclude that appellant’s argument is unacceptable. The clear language of Rule 1.540 shows it is not a substitute for anything but is a new and radical change in the procedure which the court may upon the proof of certain facts to its satisfaction vacate its own judgment. The fact that the rule abolished the writ of error coram nobis as a means for obtaining the relief outlined by Rule 1.540 does not constitute the rule a substitute for the writ.
Having reached this decision, we do not consider appellee’s response that the request for a jury trial was untimely because it was made more than ten days after the filing of the last pleading addressed to the issue.
*582 Appelant’s second point urges that the order must be reversed because it is not supported by clear and convincing evidence. We have examined the record in the light of argument of counsel and we find that the evidence amply supports the order appealed from. See State v. Sebastian, Fla. 1965, 171 So.2d 893.
Appellant’s third point urges that since the trial court found that appellant’s allegedly fraudulent conduct merely contributed to the verdict, that conduct was insufficient to support the order vacating the judgment. It it not necessary for us to deal with the evidence on this subject, but we hold that the testimony concerning the fraudulent conduct is sufficient to support the judgment under the law as set out in Fair v. Tampa Electric Co., 158 Fla. 15, 27 So.2d 514 (1946). And see Peacock Records, Inc. v. Checker Records, Inc., 365 F.2d 145 (7th Cir. 1966).
Appellant’s last point urges that the trial court violated appellant’s constitutional rights and abused its discretion in denying appellant’s motion that sought a continuance until after the disposition of any criminal charges that might be brought against him for the conduct described in the order under review. Although no case in point is presented it is urged that a judgment should not be vacated because of perjured testimony until the alleged perjuror has been tried and convicted of the crime of perjury. We find no basis in justice for such a rule in this state, and we hold that no error has been presented under this point upon authority of the reasoning in Florida State Board of Medical Examiners v. James, Fla.App. 1963, 158 So.2d 574.
Having examined the record in the light of each appellant’s points and having found no prejudicial error, we affirm.
Affirmed.