289 So.2d 781 (1974)
ASHLAND OIL, INC., and Cobia Boats, Inc., Appellants,
v.
Rod PICKARD et al., Appellees.
No. 72-102.
District Court of Appeal of Florida, Third District.
February 12, 1974.
Bedell, Bedell, Dittmar, Smith & Zehmer, Jacksonville, Frates, Floyd, Pearson, Stewart, Proenza & Richman, Sam Daniels, Miami, for appellants.
Preddy, Haddad, Kutner & Hardy and Michael R. Josephs, Podhurst, Orseck & Parks, Miami, for appellees.
Before CARROLL, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
This is a motion filed herein by the appellants for stay of execution or for leave to apply to the trial court therefor.
The appellees recovered a judgment following a jury trial of almost Two Million Dollars in compensatory and punitive damages against the appellants. The judgment was affirmed by this court. Ashland Oil, Inc. v. Pickard, Fla.App. 1972, 269 So.2d 714.
Thereafter, appellants uncovered evidence which allegedly "materially affected the trial" resulting in the judgment. This motion was filed on December 28, 1973, and this court granted stay of execution on January 2, 1973, pending oral argument and determination of the motion.
The motion alleges that certain documentary evidence, including a $10,000 check purportedly sent by one Alvah Hales to appellee Pickard, was fabricated, and that their testimony was perjured. This alleged fraudulent evidence was introduced at the first trial of this cause in June, 1971, which resulted in a mistrial. Appellants concede that the fabricated documents and Hales' testimony were not offered into evidence at the second trial which resulted in the judgment presently in question.
However, appellants contend that the falsity of the evidence became known to appellees' trial counsel, Gilbert A. Haddad and Michael R. Josephs, prior to the second trial, and it became incumbent upon *782 counsel to divulge this information to the court and to the appellants.
Appellees' response thereto is that when the authenticity of the documents was first suspected less than a week before the second trial was due to commence, they inquired of their clients concerning the authenticity of the evidence. Appellee Pickard has at all times insisted that the evidence was not falsified, but was only a "reconstruction of a check represented to him by Hales as being typed in Mexico and forwarded as a down payment" on a No. 3 shrimp trawler.
Nevertheless, counsel for appellees dropped the entire claim relating to an anticipated sale to Hales only, and the disputed evidence was not offered in the second trial.
Relief from judgment pursuant to Florida R.C.P. 1.540(b)(3), 31 F.S.A., is directed to the sound discretion of the court and cannot be invoked as a matter of right. Fagan v. Powell, Fla.App. 1970, 237 So.2d 579; Lesperance v. Lesperance, Fla. App. 1971, 257 So.2d 66. The rule is intended to prevent manifest injustice, and the moving party must demonstrate the existence of grounds justifying the exercise of the court's discretion. Butler v. Butler, Fla.App. 1965, 172 So.2d 899.
We have carefully considered the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that the appellants have failed to make a prima facie showing of fraud which affected the judgment in this case.
Accordingly, the appellants' motion for a stay of execution by this court or for leave to apply in the trial court for a stay of execution, vacation of judgment and a new trial is denied. Compare, State ex rel. Tobin v. Holt, Fla.App. 1960, 117 So.2d 428. The stay now in effect is hereby quashed
It is so ordered.