ALTENBERND, Judge.
Mrs. Robinson appeals an order denying her motion for relief from a judgment of foreclosure pursuant to Florida Rule of Civil Procedure 1.540(b). We affirm.
The City of Tampa filed an action against Mrs. Robinson to foreclose a lien imposed by the City’s Code Enforcement Board for violations of certain provisions of the City’s minimum housing standards. The house in question is a vacant house which was left to Mrs. Robinson by her late husband.
After Mrs. Robinson had filed an answer pro se, the City moved for summary judgment and filed the necessary affidavits. It is undisputed that the City gave the appellant proper notice of the hearing, which was scheduled for 8:45 a.m. on February 6, 1990. The appellant is a school teacher in Pinellas County. She regarded the scheduled time to be inconvenient and simply did not attend the hearing. She did not attempt to contact the City’s attorney or the trial court prior to the hearing in an effort to reschedule the hearing. She filed no motions, affidavits, or other documents prior to the hearing.
The trial court entered a final summary judgment of foreclosure on February 6, 1990. Mrs. Robinson did not seek rehearing pursuant to Florida Rule of Civil Procedure 1.530 in the ten days allowed for such a rehearing. On March 2, 1990, she filed a motion for relief from judgment alleging excusable neglect or fraud. Her motion was based on the fact that the City’s attorney had unilaterally set the hearing for a time which was inconvenient for her work schedule.
The trial court was well within its discretion to deny this motion. Ashland Oil, Inc. v. Pickard, 289 So.2d 781 (Fla. 3d DCA 1974). While we recognize that judicial proceedings may be inconvenient to a liti *1025 gant appearing pro se, such inconvenience does not authorize a litigant simply to ignore a scheduled hearing. The appellant failed to establish either excusable neglect or fraud. See Claffey v. Serafino, 338 So.2d 270 (Fla. 2d DCA 1976).
The appellant also attempts to use the appeal of the order denying post-judgment relief as a vehicle to challenge the final summary judgment. Since the appellant did not appeal that judgment in the thirty days allotted for such an appeal, we have no jurisdiction to consider the remaining issues. Fla.R.App.P. 9.110(b); Shields v. Flinn, 528 So.2d 967 (Fla. 3d DCA 1988); see also Odum v. Morningstar, 158 So.2d 776 (Fla. 2d DCA 1963); Bodner v. Blackwelder, 181 So.2d 373 (Fla. 3d DCA 1965), cert. denied, 188 So.2d 814 (Fla.1966).
Affirmed.
DANAHY, A.C.J., and PATTERSON, J., concur.