WARNER, J.
C.G. appeals an order determining that her consent to adoption of her minor child is valid and binding. She claims that because she was entitled to choose the placement of her child, and the original placement she chose did not occur, her consent is invalid. We hold that C.G.’s consent was irrevocable absent a showing of fraud or duress, which is not present in this case. We therefore affirm.
C.G. is the mother of A.G., who was sheltered by the Department of Children and Families immediately after her birth. The Department alleged that A.G. was in danger of injury due to abuse, abandonment, or neglect, based upon the fact that C.G.’s other children were removed and C.G.’s rights to one of them had been terminated. C.G. also tested positive for drugs while pregnant with A.G.
During the pendency of the dependency proceedings, C.G. filed a motion for change of placement of A.G., requesting that A.G. be placed in the home of licensed foster parents R.Z. and A.Z. A.G.’s Guardian Ad Litem objected to this placement. However, shortly thereafter, C.G. executed a “Surrender, Waiver of Notice and Consent for Adoption of a Child Under the Age of Six (6) Months.” In the document C.G. surrendered A.G. to an adoption entity, a licensed attorney, for the purpose of subsequent adoption. R.Z. and A.Z. are not mentioned in the consent and surrender.
Based upon C.G.’s voluntary surrender and consent, the DCF announced its intent to voluntarily dismiss its petition for dependency. At a status hearing, the court announced that the licensed attorney to whom C.G. had voluntarily surrendered her child did not intend to go forward with the adoption because the prospective adoptive parents no longer wanted to take custody. C.G. then contended that her consent and surrender was no longer valid as this was a designated surrender to the attorney.
Ultimately, the court determined that C.G.’s consent and surrender was valid and binding, notwithstanding the adoption entity’s refusal to intervene, as the consent to adoption was not obtained through fraud or duress. Once the adoption entity accepts a surrender and consent, which it did in this case, it does not have the right to reject the surrender. The court concluded *856 that the adoption entity had statutory remedies available to it if the proposed adoption was not concluded, including placing the child in foster care.
C.G. appeals the order of the trial court, contending that the court erred in determining that her consent was valid and binding, because the adoption entity refused to accept the surrender. As the Guardian Ad Litem Program notes, C.G. is not entitled to withdraw the surrender and consent absent fraud or duress in its execution.
Section 63.082(6)(a), Florida Statutes, provides:
(6)(a) If a birth parent executes a consent for placement of a minor with an adoption entity or qualified prospective adoptive parents and the minor child is in the custody of the department, but parental rights have not yet been terminated, the adoption consent shall be valid, binding, and enforceable by the court.
If the child is under six months, section 63.082(4)(b), Florida Statutes, states such a consent “may be withdrawn only if the court finds that it was obtained by fraud or duress.” See also In re Adoption of Doe, 543 So.2d 741 (Fla.1989); J.S. v. S.A., 912 So.2d 650 (Fla. 4th DCA 2005).
The written surrender and consent in this case is not conditional upon the prospective parents adopting the child. Nor is it conditional upon the adoption entity continuing with placement if the prospective parents decline. It is an unconditional surrender to the adoption entity. The consequences of irregularity in the proceedings, such as the initial refusal of the adoption entity to pursue the placement of the child, does not result in the revocation of consent. See J.S., 912 So.2d at 658-59. In fact, this is specifically covered in section 63.2325, Florida Statutes, which states:
Notwithstanding the requirements of this chapter, a failure to meet any of those requirements does not constitute grounds for revocation of a consent to adoption or withdrawal of an affidavit of nonpaternity unless the extent and circumstances of such a failure result in a material failure of fundamental fairness in the administration of due process, or the failure constitutes or contributes to fraud or duress in obtaining a consent to adoption or affidavit of nonpaternity.
No failure of fundamental fairness has occurred nor is there any suggestion of fraud or duress in the adoption entity’s failure to pursue the original expected placement. In this case the trial court also determined that the surrender and consent bound the adoption entity to accept responsibility for the placement of the child. In fact, the record reflects that the adoption entity accepted that duty and is now actively engaged with the placement of the child.
Because the consent and surrender was valid, we affirm the trial court’s order. As to the other issues raised by C.G. regarding the court’s order of the adoption entity to accept responsibility of the child, we conclude that she has no standing to contest the matter, having validly and irrevocably consented to the surrender and adoption.
Affirmed.
KLEIN, J., and BAILEY, JENNIFER D., Associate Judge, concur.