SWANSON, J.
This is an appeal from the trial court’s order dismissing with prejudice a Motion for Relief from Judgment Terminating Mother’s Parental Rights and Amended Motion to Vacate and Set Aside the Consent to Adoption. The mother, F.R., asserts the dismissal of her motions was erroneous in that her consent to the adoption of her infant son was not knowingly and voluntarily entered; that the consent was obtained by duress and/or fraud; and that it was void because it was not translated into the mother’s native tongue— Swahili — prior to her execution of the documents. For the following reasons, we reverse the order and remand the case to the trial court for an evidentiary hearing.
The mother’s allegations state she was born in the Democratic Republic of Congo. At the age of two, she was relocated to a refugee camp in Tanzania, where she spent most of her youth. In February 2010, prior to her immigrating to the United States, the mother, aged 15, was relocated to a transitional camp in Tanzania where she was raped. She did not know she was pregnant until April 2010; the father of the child remains unknown. The mother’s relocation was sponsored by World Relief, a non-profit refugee resettlement organization. She arrived in Jacksonville, Florida, along with her sister, on May 8, 2010.
The mother is able to speak and read only Swahili, and has no comprehension of the English language. On November 2, 2010, at the age of 16, she gave birth to a baby boy. During the hospital stay, the mother was approached regarding her consent to adopt. She did not consent. On November 4 and 5, 2010, she was taken to a Jacksonville law firm in an attempt to gain her consent to sign adoption forms. Again, she did not consent.
Thereafter, on November 15, 2010, the mother, along with her baby, and accompanied by her sister, was transported to the law office of Charlene Francis, the executive director of the adoption agency, Angelic Adoptions, Inc. Also present was a representative from World Relief. The sister was appointed as the interpreter, even though she possessed only rudimentary skills in the knowledge of the English language, as made apparent from a reading of the transcript of the meeting and by the record fact that she had registered to take a class for “English for Speakers of *303 Other Languages” just three weeks prior to this meeting and received placement scores of 8/29 (28%) for reading and 10/18 (55%) for listening.
During the November 15, 2010, meeting the mother ultimately signed the consent to adoption paperwork. The transcript of the proceeding was filed with the trial court. The Consent to Adoption was filed with a Petition to Terminate Parental Rights, and the mother’s rights were terminated without notice to her, since the documents provided for waiver of notice.
The instant proceedings were timely commenced on February 14, 2011, when Angelic Adoptions was notified by the mother’s pro bono attorney of the mother’s intent to initiate proceedings to vacate and set aside the Consent to Adoption.* Subsequent amendments to the initial motions culminated in the mother’s Motion for Relief from Judgment Terminating Mother’s Parental Rights and Amended Motion to Vacate and Set Aside the Consent to Adoption filed on December 5, 2011. Angelic Adoptions filed its Motion to Dismiss, which was granted by the trial court after legal argument by counsel and without an evidentiary hearing. During the court proceedings, an interpreter was provided to translate the proceedings into Swahili so the mother could participate. In thanking the interpreter at the conclusion of the hearing, the court explained that the cause had been reassigned to the circuit court’s dependency division for the reason that the family law division, where the case began, did not have interpreters and “it was a little chaotic because a lot of people showed up in [the family law judge’s] chambers and no one spoke English and no one in court administration] spoke Swahili....”
Following the hearing, the trial court entered its final Order on Motion to Dismiss Motion for Relief from Judgment Terminating Parental Rights and Amended Motion to Vacate and Set Aside the Consent to Adoption. In the order, the court found the mother’s request for relief to be “void” of any allegation of fraud by overt act; her allegations of the totality of the circumstances amounting to duress to be “unsupported by any authority”; and her motions to be lacking any allegations that her consent was involuntary and was not an “exercise of free choice or will,” or that her state of mind was caused by any improper or coercive conduct of Angelic Adoptions. (An additional paragraph contained in the order was an unintelligible sentence fragment which prevented any conscientious review.) We conclude the trial court’s order is legally without merit.
Appellant’s allegations of fraud, duress, and coercion were properly before the trial court and were sufficient to require an evidentiary hearing. Indeed, the mother alleged not only fraud but misrepresentation arising from Angelic Adoption’s failure “to provide a translation of the nature, effect, and consequence of the ‘Consent to Adoption’ paperwork in a language [the mother] understood.... ” The pleading of misrepresentation is a separate and distinct basis for a motion for relief from *304 judgment under rule 1.540(b)(3), along with “other misconduct by an adverse party.” In addition, we also conclude the mother’s allegation of duress based on section 63.082(7)(f), Florida Statutes (2010), and arising from the circumstances attendant to her signing of the Consent to Adoption, was sufficient to withstand a motion to dismiss. If proven true, the lack of a proper translation of documents into a language the mother could comprehend not only potentially undermined the foundation of her consent to adoption, but the fundamental fairness of the entire proceedings.
An evidentiary hearing should have been held; basic tenets of due process require nothing less. In this regard, the United States Supreme Court’s decisions “have by now made plain beyond the need for multiple citation that a parent’s desire for and right to ‘the companionship, care, custody and management of his or her children’ is an important interest that ‘undeniably warrants deference and, absent a powerful countervailing interest, protection.’ ” Lassiter v. Dep’t. of Soc. Servs. of Durham Cnty., N.C., 452 U.S. 18, 27, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981) (quoting Stanley v. Illinois, 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972)). Deference to that right was never afforded the mother in the present case. We understand that “ ‘[r]elief from judgment ... is directed to the sound discretion of the court and cannot be invoked as a matter of right.’ ” In re Adoption of Baby Girl “C”, 511 So.2d 345, 350 (Fla. 2d DCA 1987) (quoting Ashland Oil, Inc. v. Pickard, 289 So.2d 781, 782 (Fla. 3d DCA 1974)). However, we conclude the trial court below unquestionably abused that discretion in dismissing appellant’s motions without a full evidentiary hearing.
The cause is hereby REVERSED and REMANDED for further proceedings consistent with this opinion. Further proceedings are to be prioritized.
BENTON, C.J., and THOMAS, J., concur.

 The mother’s motions were filed pursuant to Florida Rule of Civil Procedure 1.540(b)(3), specifically made applicable to these proceedings by Florida Family Law Rule of Procedure 12.540, and section 63.082(7)(f), Florida Statutes (2010). Rule 1.540(b)(3) provides for a one-year filing window. Section, 63.182, Florida Statutes (2010), entitled "Statute of Repose,” similarly provides that an action “to vacate, set aside, or otherwise nullify a judgment of adoption or an underlying judgment terminating parental rights on any ground may not be filed more than 1 year after entry of the judgment terminating parental rights.” The Final Judgment Terminating Parental Rights Pending Adoption was filed on December 20, 2010.