NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

JULIE CIOPPA, *Petitioner/Appellant*,

*v.*

JEFF PATAKY, *Respondent/Appellee*.

No. 1 CA-CV 15-0193 FC
FILED 6-2-2016

Appeal from the Superior Court in Maricopa County
No. FC2006-006523
The Honorable James T. Blomo, Judge
The Honorable Michael J. Herrod, Judge

**VACATED**

COUNSEL

Julie Cioppa, Peoria
*Petitioner/Appellant*

Jeff Pataky, Peoria
*Respondent/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Kenton D. Jones joined.

---

**W I N T H R O P**, Presiding Judge:

**¶1** Petitioner/appellant Julie Cioppa ("Mother") appeals the family court's judgment directing her to pay respondent/appellee Jeff Pataky ("Father") $9,500 for attorneys' fees. For the following reasons, we vacate the judgment.

### FACTS AND PROCEDURAL BACKGROUND

**¶2** Mother and Father were divorced in January 2008. In 2013, Mother filed a petition to modify parenting time, and Father cross-petitioned to modify legal decision-making and parenting time.

**¶3** At a review hearing on December 2, 2013, Judge Blomo found Mother had been unreasonable and directed Father to file a *China Doll*[1] affidavit itemizing his costs and fees incurred in the matter to that date. Father filed the affidavit on January 30, 2014, and Mother responded on February 11, 2014. Judge Blomo did not issue a ruling at that time, later stating he had held the matter in abeyance pending resolution of the cross-petitions.

**¶4** In June 2014, Judge Herrod assumed Judge Blomo's calendar, including this case, as part of the court's routine judicial rotation. In August and September 2014, Judge Herrod held three evidentiary hearings regarding the parties' cross-petitions to modify. After the final hearing, Judge Herrod directed that he would take the matter under advisement pending an *in camera* interview with the parties' children. Judge Herrod conducted the interview in October and issued a signed decision on the cross-petitions on November 20, 2014. He found both parties had taken

---

[1] *See Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 673 P.2d 927 (App. 1983).

unreasonable positions and caused the litigation to be extended, and ordered that they bear their own attorneys' fees and costs.[2]

¶5  On February 2, 2015, Judge Blomo issued a minute entry stating Judge Herrod had referred the matter of the attorneys' fees related to the December 2, 2013 ruling to him. Judge Blomo granted Father's request for an award of fees through December 2, 2013, and ordered Mother to pay Father $9,500. On April 2, 2015, Judge Herrod's signed judgment corresponding to Judge Blomo's ruling was filed.

¶6  Mother timely appealed the attorneys' fees award. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2) (2016).

## ANALYSIS

¶7  Mother challenges the attorneys' fees award, arguing the November 20, 2014 signed order resolved all outstanding issues, including Father's request for an award of attorneys' fees, and it was therefore improper for the court to subsequently enter a ruling on that matter.[3] Father responds that the award was not an abuse of discretion and asserts we must assume the court had sufficient evidence to support the award because Mother has failed to provide transcripts of the relevant hearings.

¶8  We independently review as a matter of law whether the family court had authority to amend the November 20 order and award attorneys' fees to Father. *Danielson v. Evans*, 201 Ariz. 401, 411, ¶ 36, 36 P.3d 749, 759 (App. 2001).

---

[2] Approximately two weeks before that decision, Father filed a motion inquiring as to the status of his January 30, 2014 application for an award of attorneys' fees and asked the court to issue a ruling.

[3] Mother also contends the award violated a provision of the Arizona Constitution that requires every matter submitted to a superior court judge be resolved within sixty days. Because we determine the family court lacked jurisdiction to enter the attorneys' fees award and vacate that order, we do not address this argument.

¶9        Pursuant to Arizona law,

> the inherent power of the court to vacate or modify its
> judgment does not extend beyond the point at which the
> judgment becomes final, except as authorized by law. When
> a judgment becomes final, the power of the court to open it is
> governed by the Rules of Civil Procedure adopted by [the
> Arizona Supreme Court].

*Preston v. Denkins*, 94 Ariz. 214, 219, 382 P.2d 686, 689 (1963) (citations
omitted).[4]

¶10        Here, the November 20 signed order was a final, appealable
order that resolved all outstanding issues related to the cross-petitions,
including both parties' requests for attorneys' fees.  *See* A.R.S. § 12-
2101(A)(2); *In re Marriage of Dorman*, 198 Ariz. 298, 301, ¶ 4, 9 P.3d 329, 332
(App. 2000) (concluding an order resolving a petition to modify a decree of
dissolution was appealable as a special order after final judgment); *Williams
v. Williams*, 228 Ariz. 160, 165-67, ¶¶ 19-29, 264 P.3d 870, 875-77 (App. 2011)
(ruling that an order appealed from must resolve all issues in the subject
petition even though total finality in the post-decree context is not
required).  Accordingly, it could only be modified or vacated by an order
entered pursuant to ARFLP 83 (regarding motions for new trial or amended
judgment) or 85(C) (regarding a motion for relief from judgment).  Neither
of the parties timely requested, or set forth grounds for, such relief.  *See*
ARFLP 83(A), (D)(1); 85(C)(1)-(2).  Further, the court did not act on its own
initiative within the fifteen days allowed for it to grant a new trial under
ARFLP 83 and did not find grounds to vacate the November 20 order under
ARFLP 85.  The court therefore did not have authority to modify the
November 20 order and award Father attorneys' fees. *See generally Preston*,
94 Ariz. at 219, 382 P.2d at 689.

---

[4]        The Arizona Rules of Family Law Procedure ("ARFLP") apply in this
case and replace the Arizona Rules of Civil Procedure except where the civil
rules are expressly incorporated.  ARFLP 1, 2(A).  Where the language of
the ARFLP is substantially the same as the language of other statewide
rules, case law interpreting that language is applicable. *See* ARFLP 1, cmt.;
*Kline v. Kline*, 221 Ariz. 564, 568-69, ¶ 13, 212 P.3d 902, 906-07 (App. 2009).

**CONCLUSION**

**¶11**   Because the family court did not have authority to modify the November 20, 2014 order, we vacate the April 2, 2015 attorneys' fees award.

**¶12**   Mother requests an award of attorneys' fees on appeal pursuant to A.R.S. § 25-324 (Supp. 2015). Because Mother is not represented by an attorney in this appeal, we deny her request. *See Connor v. Cal-Az Props., Inc.*, 137 Ariz. 53, 56, 668 P.2d 896, 899 (App. 1983) ("[A] party who represents himself in litigation has no right to be compensated by the payment of attorneys' fees because of the absence of an attorney-client relationship."). As the prevailing party, however, Mother is awarded the taxable costs she incurred on appeal, contingent upon her compliance with Rule 21, ARCAP.



Ruth A. Willingham · Clerk of the Court
F I L E D : AA