NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

ROCK COUNTRY BUILDERS, INC., an Arizona corporation,
*Plaintiff/Appellee*,

*v.*

7B BUILDING & DEVELOPMENT, LLC,  a foreign limited liability
company; ENDURANCE ASSURANCE CORPORATION, a foreign
corporation, *Defendants/Appellants*.

No. 1 CA-CV 19-0749
FILED 10-1-2020

Appeal from the Superior Court in Apache County
No. S0100CV201800066
The Honorable Steve Williams, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Nick D. Patton, Attorney at Law, PLLC, Show Low
By Nicholas D. Patton
*Counsel for Plaintiff/Appellee*

Murphy Cordier PLC, Phoenix
By Richard B. Murphy & Chase E. Halsey
*Counsel for Defendant/Appellant 7B Building & Development, LLC*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge James B. Morse Jr. and Judge Maria Elena Cruz joined.

---

**M c M U R D I E**, Judge:

¶1        7B Building & Development, LLC ("7B Building") appeals from the superior court's order entitling Rock Country Builders, Inc. ("Rock Country") to relief for breach of contract.[1]

### FACTS AND PROCEDURAL BACKGROUND

¶2        In May 2017, Rock Country contracted with 7B Building to install a septic system in Concho and be paid in phases with the first phase payable by: "[$]4,000 upon invoice for Design Engineering and [percolation] testing complete." Within one month, Rock Country emailed, phoned, and submitted an invoice to 7B Building indicating it had completed the engineering work and a percolation test. But 7B Building refused to pay Rock Country because it never furnished the design drawings or proof of the percolation test. Rock Country performed no additional work, and 7B Building found a different contractor to complete the remaining work.

¶3        In April 2018, Rock Country sued 7B Building alleging the contract's breach and requesting attorney's fees. The court held a bench trial in July 2019, after which it found in 7B Building's favor. However, the court also stated, "[n]otwithstanding the Court's order finding in favor of Defendant, should Plaintiff provide Defendant the results of the percolation test and design engineering photos/report, Plaintiff would be entitled to receive payment of $4,000.00 from Defendant per the terms of the contract." The court gave 7B Building leave to request attorney's fees if Rock Country failed to produce its results within 30 days, stating the order would become final only if "nothing further [was] filed by either party within 35 days."

---

[1]        On the court's motion, the caption in this matter has been amended to correct an error. The amended caption shall be used on any future filings.

¶4          7B Building moved for reconsideration of the court's order, arguing the court erroneously reopened the case to hear additional evidence not disclosed or produced at trial, causing prejudice, when it held Rock Country would be entitled to payment upon furnishing proof that the contracted work had been completed. The court agreed with 7B Building that "by allowing the Plaintiff the opportunity to disclose the results of the percolation test, this Court reopened the matter 'under circumstances which are prejudicial to [7B Building].'" But the court reversed its prior ruling, changing its original interpretation of the contract and ordering 7B Building to pay Rock Country $4000 per the contract's terms. After noting that two witnesses testified at trial that the percolation test and engineering design had been completed, the court stated:

> The relevant language of the contract required that Plaintiff provide an "invoice" for work that was "complete" relative to the "Design Engineering and [percolation] test." There is no language in the contract itself that requires either proof of completion or the actual results of the percolation test before Plaintiff was entitled to the first $4,000.00 payment.
>
> Certainly, the parties could have agreed that the results of the percolation test were to be provided with the invoice if that was their desire. However, no such requirement was written into the contract. For the Court to interpret the contract to require disclosure of the "results of the percolation test" at the time of invoice would require the Court to read into the contract language that is not there. While it may have otherwise been a reasonable request by the Defendant to see the results of the percolation test, because the parties did not bind themselves to that requirement, the Court will not rewrite the contract to require the same. The parties are bound by the language they agreed to.

¶5          7B Building appealed, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶6          7B Building argues the superior court erred by (1) reversing its original ruling, which interpreted the contract in 7B Building's favor, absent new evidence or a request to reconsider the interpretation; and (2) interpreting the contract in Rock Country's favor in its final judgment.

**A.     The Superior Court Did Not Err by Reversing Its Original Ruling.**

**¶7**          We review *de novo* the superior court's application of court rules. *Haroutunian v. Valueoptions, Inc.*, 218 Ariz. 541, 549, ¶ 22 (App. 2008). The superior court has "inherent power" to modify its judgment before it becomes final. *Preston v. Denkins*, 94 Ariz. 214, 219 (1963); *see also* Ariz. R. Civ. P. 54(b) (if there is no language of finality recited in the judgment, "any decision [adjudicating] fewer than all the claims . . . does not end the action as to any of the claims . . . and may be revised at any time before the entry of a judgment adjudicating all the claims"). Here, the court's original order gave 7B Building leave to request attorney's fees if Rock Country failed to produce its results within 30 days, stating the order would become final only if "nothing further [was] filed by either party within 35 days." The court could revise its decision regarding the contract dispute before it entered a final judgment, regardless of whether the parties presented additional evidence or a request to reconsider the contract interpretation. It did not err by doing so.

**B.     The Superior Court Did Not Erroneously Interpret the Contract.**

**¶8**          We review *de novo* the superior court's interpretation of a contract. *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003). "We consider the plain meaning of the words in the context of the contract as a whole." *Dunn v. FastMed Urgent Care PC*, 245 Ariz. 35, 38, ¶ 10 (App. 2018). If unambiguous, the terms are conclusive. *Goodman v. Newzona Inv. Co.*, 101 Ariz. 470, 472 (1966).

**¶9**          The language of the contract is clear—7B Building had to pay Rock Country "[$]4,000 upon invoice for Design Engineering and [percolation] testing complete." Rock Country submitted an invoice to 7B Building for the engineering and testing and produced testimony from two witnesses at trial that said Rock County completed the engineering and testing. By ruling in Rock Country's favor, the court implicitly found the witnesses' testimony credible. *See State v. Organ*, 225 Ariz. 43, 49, ¶ 26 (App. 2010) (holding the court implicitly found an officer's testimony credible by ruling in the State's favor). Therefore, the court did not err by ruling in Rock Country's favor and finding 7B Building owed Rock Country $4000 under the contract.

### ATTORNEY'S FEES AND COSTS

**¶10**          Rock Country and 7B Building each request an award of attorney's fees under A.R.S. § 12-341.01. Because Rock Country is the

4

prevailing party, we grant attorney's fees and costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶11 We affirm the superior court's judgment.

