DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**R.P.M,** Adoptive Parent, and
**LAW OFFICE OF ELIZABETH R. BERKOWITZ, P.A.,** Adoption Entity,
Appellants,

v.

**PROPOSED ADOPTION OF I.R.M.,** a child,
Appellee.

No. 4D2023-0558

[December 20, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 502021DR001591.

Stephanie L. Serafin and Rebecca Mercier Vargas of Kreusler-Walsh, Vargas & Serafin, P.A., West Palm Beach, for appellants.

No appearance for appellee.

FORST, J.

Prospective adoptive parent R.P.M. ("Stepfather") and the Law Office of Elizabeth R. Berkowitz, P.A. ("Adoption Entity") (collectively, "Appellants") appeal the trial court's order dismissing their Amended Petition for Termination of Parental Rights and Joint Petition for Adoption by Stepparent of minor child I.R.M. ("the Amended Petition"). Because the trial court failed to hold an evidentiary hearing on the Amended Petition and instead *sua sponte* invalidated the biological father's ("Father") written consent to adoption ("the Consent") on an unsupported ground, we reverse and remand for the trial court to hold an evidentiary hearing on the Amended Petition.

**Background**

With Adoption Entity's assistance, Stepfather sought to adopt his twelve-year-old stepdaughter, I.R.M. Father executed the Consent, which closely mirrors the language of section 63.082(4)(e), Florida Statutes (2021), regarding the required recitation of rights language. Specifically, the Consent indicated that it was "valid, binding, and irrevocable" and "cannot be invalidated unless a court finds that it was obtained by fraud or under duress." The Consent further provided Father with a revocation period of three business days, consistent with section

1

63.082(4)(c), Florida Statutes (2021), governing adoptions of children older than six months. Father did not revoke the Consent within the three-business-day period, nor has he ever moved to revoke the Consent. Additionally, the Consent states that "no action previously taken or previously signed by [Father], obligates [Father] to sign this Consent for Adoption."

On the same date that Father executed the Consent, he also executed an Adoption Settlement Agreement ("the Agreement") with Stepfather and I.R.M.'s mother. Therein, Father agreed to "affirm his Consent for Adoption," which was "part of and contemporaneous[] with th[e] Agreement." The Agreement purports to "settle all claims" between the parties regarding I.R.M. and provides for an "open adoption" wherein I.R.M. and Father can establish a "natural and healthy relationship." Additionally, the Agreement allows Father to visit and communicate with I.R.M. if the latter consents to communication or visits.

Appellants filed the Amended Petition, the Consent, and the Agreement in the adoption case, and requested the trial court schedule a hearing. While the Amended Petition was pending, the trial court issued two status orders directing Appellants to correct various deficiencies; however, neither status order pertained to the Consent or the Agreement. Appellants complied with the status orders, corrected the deficiencies, and renewed their request for a hearing.

Without holding a hearing on the Amended Petition, the trial court *sua sponte* entered an order finding the Consent and Agreement invalid. The trial court reasoned that the Consent was conditioned on the Agreement being incorporated into a final judgment of adoption, and expressed concerns regarding the Agreement's above-noted "open adoption" language. As a result, the trial court ordered Appellants to file Father's nonconditional consent or it would dismiss the Amended Petition for being "facially insufficient."

Appellants did not file an amended consent from Father, instead choosing to rely on the Consent as filed, while persistently requesting a hearing. The trial court never scheduled a hearing and ultimately dismissed the Amended Petition for being "facially insufficient" based on its "prior findings invalidating [Father's] consent." This appeal timely followed.

**Analysis**

We review the trial court's ruling on a consent to adoption for an abuse of discretion. *See In re I.B.*, 142 So. 3d 919, 922 (Fla. 5th DCA 2014). We also review the trial court's decision to forego or deny an evidentiary hearing for an abuse of discretion. *See F.R. v. Adoption of Baby Boy Born Nov. 2, 2010*, 135 So. 3d 301, 304 (Fla. 1st DCA 2012).

## *Permissible Grounds to Revoke the Consent*

Section 63.082, Florida Statutes (2021), states in pertinent part:

[(4)](c) If the minor to be adopted is older than 6 months of age at the time of the execution of the consent, the consent to adoption is *valid upon execution*; however, it is subject to a revocation period of 3 business days.

. . . .

(7) If a person is seeking to revoke consent for a child older than 6 months of age:

(a) The person seeking to revoke consent must, in accordance with paragraph (4)(c), notify the adoption entity in writing by certified mail, return receipt requested, within 3 business days after execution of the consent. . . .

. . . .

(f) Following the revocation period described in paragraph (a), consent may be set aside *only when the court finds that the consent was obtained by fraud or duress.*

§ 63.082, Fla. Stat. (2021) (emphasis added).

When Father executed the Consent, I.R.M. was older than six months; thus, the Consent became valid upon execution and was then susceptible to a three-business-day revocation period. § 63.082(4)(c), (7)(a), Fla. Stat. (2021); *see I.B.*, 142 So. 3d at 922. Father neither revoked the Consent within this revocation period nor moved to revoke it for fraud, duress, or any other reason. *See J.S. v. S.A.*, 912 So. 2d 650, 656 (Fla. 4th DCA 2005) (discussing that the parent who executed the consent has the burden of proving fraud or duress by clear and convincing evidence). Nonetheless, both the trial court's orders invalidating the Consent and dismissing the Amended Petition are devoid of *any* discussion related to fraud or duress, contrary to the above statutory language.

Notwithstanding the requirements of this chapter, a failure to meet any of those requirements does not constitute grounds for invalidation of a consent to adoption . . . unless the extent and circumstances of such a failure result in a material failure of fundamental fairness in the administration of due process, or the failure constitutes or contributes to fraud or duress in obtaining a consent to adoption . . . .

3

§ 63.2325, Fla. Stat. (2021).

Notably, section 63.2325, which the trial court cited to justify invalidating the Consent, actually limits the trial court's ability to revoke a consent to adoption. *See M.J.G. v. Graves*, 332 So. 3d 1008, 1012 (Fla. 4th DCA 2022); *see also C.G. v. Guardian Ad Litem Program*, 920 So. 2d 854, 856 (Fla. 4th DCA 2006) (consent was valid because there was no suggestion of fraud or duress and no failure of fundamental fairness). None of the above-noted revocation grounds are supported by this record nor alleged by Father.

Thus, the trial court abused its discretion by invalidating the Consent without making a finding as to either fraud or duress as required by section 63.082(7)(f), Florida Statutes (2021), and relevant caselaw. *See I.B.*, 142 So. 3d at 922–23; *see also M.J.G.*, 332 So. 3d at 1012. Moreover, a trial court cannot set aside a birth parent's consent "without notice to [the adoption entity] and an appropriate evidentiary basis to establish the consent was obtained by fraud or duress." *In re S.N.W.*, 912 So. 2d 368, 370 (Fla. 2d DCA 2005). Here, Appellants were persistent in their efforts to obtain an evidentiary hearing before the trial court invalidated the Consent on an unsupported ground and without an evidentiary basis. *See id.*

### *Consent Language and Separate Agreement*

Father executed both the Consent and the Agreement on the same date. While the Agreement specified that Father would "affirm his Consent for Adoption," the Agreement also included "open adoption" language which created a concern with the trial court as to whether Father's consent to termination of parental rights was conditional. However, the existence of a separate adoption agreement or a possibly conditional consent does not automatically mean a consent to adoption is invalid. *See In re Adoption of K.A.G.*, 152 So. 3d 1271, 1276 (Fla. 5th DCA 2014) (finding father's consent to adoption can be valid even though it was conditioned on the court granting grandmother's petition for adoption of father's child); *Hindman v. Bischoff*, 534 So. 2d 743, 744 (Fla. 2d DCA 1988) (birth mother's consent to adoption was valid even though she signed an agreement in contemplation of adoption that required her to pay adoption expenses of intermediary if she failed to execute the consent to adoption); *Quets v. Needham*, 682 S.E. 2d 214, 217–18 (N.C. Ct. App. 2009) (noting that a Florida trial court entered a final judgment of adoption notwithstanding an "Open Adoption Agreement" entered into by the parties that was not incorporated into the final judgment).

Here, the Consent, which does not specifically mention the Agreement, states that "no action previously taken or previously signed by [Father], obligates [Father] to sign this Consent for Adoption." Nor has Father contended that he

was defrauded into executing the Consent with an expectation of postadoption contact with I.R.M. pursuant to the Agreement. Thus, the appropriate course of action would have been for the trial court to hold an evidentiary hearing with prior notice to Appellants and Father *before* determining that the Consent was invalid. *See S.N.W.*, 912 So. 2d at 370. We express no opinion on whether Father's consent is or is not conditional; whether the trial court has either the legal authority or discretion to include the Agreement in a final judgment of adoption; or whether the Agreement itself is valid.

## Conclusion

Because the trial court abused its discretion by failing to hold an evidentiary hearing before invalidating the Consent on an unsupported basis, we reverse and remand for the trial court to hold an evidentiary hearing on the Amended Petition with prior notice to Appellants and Father.

*Reversed and remanded for further proceedings consistent with this opinion.*

WARNER and MAY, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***