PER CURIAM.
The appellant is engaged in the moving and storage business in the City of Miami Beach, Florida, and as such operates vehicles over the streets of that city. Among the vehicles used in his business are some weighing in excess of 5,000 pounds. The appellee, City of Miami Beach, on November 1, 1961, adopted an ordinance declaring it to be unlawful to park a truck, tractor, trailer or semi-trailer having a net weight of more than 5,000 pounds upon the public streets of that city in certain designated use districts except while loading or unloading property, or when the vehicle is parked in connection with, and in aid of, the performance of a service to or on the property in the block in which the vehicle is parked. After skirmishes with the police of the City of Miami Beach, in which drivers of the appellant’s vehicles were given summonses for violation of the above ordinance, the appellant instituted an action in the Circuit Court of Dade County, seeking an injunction against the enforcement of the ordinance in question and a declaration that it was unconstitutional and void.
The appellant’s amended complaint charges substantially that the ordinance is vague and indefinite, deprives him of the right to earn a livelihood and does not bear any reasonable relationship to the public health, safety, welfare or morals of the community. These charges are coupled with the conclusion that the ordinance is discriminatory, arbitrary, and in violation of the equal protection and due process clauses of the Florida and Federal constitutions. The appellee City of Miami Beach moved to dismiss the amended complaint upon the solitary ground that it failed to state a claim upon which relief could be granted. After notice and hearing, the circuit court granted the motion and dismissed the amended complaint with prejudice. This appeal is from the order dismissing the amended complaint.
An exhibit attached to the original bill of complaint, and by reference made a part of the amended complaint, was a copy of the ordinance under attack. The sole question here is whether or not the complaint, as amended, when tested in the light of the motion to dismiss, states a cause of action. We conclude that it does.
A motion to dismiss concedes for the purposes of the motion the truth of the well-pled allegations of the complaint. It is on this basis alone that we conclude that the complaint as amended requires a responsive pleading by the appellee city. It may be, but we do not decide, that the circumstances and legislative policy leading to the enactment of this ordinance were such as to satisfactorily justify its legal enactment. Certainly a city such as the appellee has the police power granted to it under its charter and state law to regulate traffic upon its public streets for the safety and welfare of its citizens. But the question posed by the pleadings before us leaves in doubt whether this power has been arbitrarily and unreasonably exercised.
So as to prevent any misconstruction of the decision rendered here, we simply hold that the allegations of the amended complaint, without more, stated a cause of action.
Accordingly, the order appealed is reversed and the cause is remanded for further proceedings.
Reversed and remanded.