BARKDULL, Chief Judge.
By these consolidated appeals, we are called upon to review a post-final summary judgment order denying a motion for relief pursuant to Rule 1.38(b), Florida Rules of Civil Procedure, 30 F.S.A., and an order of a chancellor denying a motion to dismiss, motion for summary decree and motion to strike. We affirm both orders.
It is apparent that the matters attempted to be brought to the attention of the trial judge in the common law action could have been available to the movant during the trial proceedings. Therefore, we find no abuse of discretion by the trial judge in denying relief under Rule 1.38(b), Florida Rules of Civil Procedure.
 As to the action of the chancellor in denying the motion to dismiss and motion for summary decree, even though the chancery action involved the same matters which were before the trial judge in the Rule 1.38(b), Florida Rules of Civil Procedure proceedings, it is apparent from the provisions of the rule itself that this alone will not prevent the independent action.[1] We likewise find no error in the denial of the motion to strike. It is to be remembered that in testing a complaint as amended [whether in chancery or at law] upon a motion to dismiss, the well-pleaded allegations therein contained are to be taken as true. See: Ideal Roofinig & Sheet Metal Works, Inc. v. Katzentine, Fla.App.1961, 127 So.2d 116; Lieberman v. City of Miami Beach, Fla.App.1962, 147 So.2d 16; Finneran v. City of Lake Worth, Fla.App.1963, 152 So.2d 501.
Therefore, for the reasons above stated, the orders here under review be and the same are hereby affirmed.
Affirmed.

. “Rule 1.38(b), Florida Rules of Civil Procedure.
“Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.
“ * * * This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding, or to set aside a judgment or decree for fraud upon the court.”
*****