CHARLES CARROLL, Judge.
The appellee Morris Sobel and other individuals were guarantors on a loan of $175,000 from Miami National Bank to Air Metal Industries, Inc. Sobel, as a guarantor, also furnished security by a mortgage on certain real estate and by pledging 55 shares of the stock of Wims Research Laboratories, Inc. Following default by the borrower, the lender, the *842 appellant Miami National Bank, foreclosed the real estate mortgage.
Thereafter the bank sued certain of the guarantors including Herbert D. Fink and Rosalie Fink, his wife, but not including Sobel. The defendants in that action achieved relief from their guaranty obligations by pleading and proving the defenses of conditional delivery with the condition unperformed, alteration of the original obligation by increasing the rate of interest and negligence in failing to secure and apply primary collateral (accounts receivable). The information upon which these defenses were asserted and established in the Fink case was obtained by taking the discovery deposition of a vice president of the lending bank. The judgment entered in favor of Fink and other defendants in that action was appealed to this court, and was affirmed. See Miami National Bank v. Fink, Fla.App.1965, 174 So.2d 38.
After the Fink case was decided, Sobel filed a complaint in equity in the circuit court of Dade County, asserting the defenses successfully presented in the Fink case but which had not been raised by Sobel in the earlier foreclosure suit. The complaint was in four counts. The first count sought a decree for return of the pledged stock. The second sought damages for loss of use of the stock while pledged. The third sought recovery of damages equal to the value of the real estate which had been foreclosed. The fourth sought punitive damages.
A motion of the defendant bank to dismiss the complaint was granted as to the first count, on the ground that the plaintiff was not entitled to the equitable relief sought because of the existence of a remedy at law. The court denied the motion as to counts two, three and four. Assigning that portion of the order as error the defendant filed this interlocutory appeal. On consideration of the record, briefs and argument we conclude that the defendant’s motion to dismiss should have been granted.
Count two, seeking damages for loss of the use of the pledged stock did not state a cause of action. No facts entitling the plaintiff to such damages were alleged. The yield from the pledged stock, in the form of dividends if any accrued,' inured to the benefit of the plaintiff, subject to the terms of the pledge.[1]
In count three of the complaint, the relief sought was not to set aside the foreclosure decree, or to stay execution thereof. The foreclosure decree had been executed. What the plaintiff sought, without disturbing the executed foreclosure decree, was damages equal to the value of his property which had been foreclosed. In the present complaint the plaintiff did not charge the defendant bank with having committed a fraud on the court or in the obtaining of the foreclosure decree.[2] Nor did the complaint present a basis for relief against the foreclosure decree on the ground of newly discovered evidence. The facts constituting the defenses which were later asserted in the Fink case were available and could have been discovered by due diligence when the foreclosure suit was pending.[3] Failure to plead available defenses is not a basis for relief from a judgment or decree under rule 1.540(b) RCP,[4] 30 F.S.A.
The allegations relied upon in claiming punitive damages under count four of the complaint were insufficient. Moreover, since we hold the complaint furnished no ground or basis for recovery of *843 compensatory damages, punitive damages would not be recoverable.[5]
Accordingly, the order denying the motion to dismiss as to counts two, three and four of the complaint is reversed, and the cause is remanded with direction that an order be entered dismissing the complaint.
Reversed and remanded with direction.

. 18 C.J.S. Corporations § 469(b) and 72 C.J.S. Pledges § 31.

. Fair v. Tampa Elec. Co., 158 Fla. 15, 27 So.2d 514; Irving v. Irving, Fla.App. 1963, 157 So.2d 544; 14 F.L.P., Judgments & Decrees, § 94.

. Hall v. Hall, 93 Fla. 709, 112 So. 622; Shongut v. Malnik, Fla.App.1965, 173 So. 2d 708.

. State ex rel. Huntley Bros., Inc. v. Gooding, Fla.App.1963, 149 So.2d 55, 57; Shongut v. Malnik, supra.

. McLain v. Pensacola Coach Corp., 152 Fla. 876, 13 So.2d 221; Hutchinson v. Lott, Fla.App.1959, 110 So.2d 442, 445; Fowlkes v. Sinnamon, Fla.App.1957, 97 So.2d 626; Sinnamon v. Fowlkes, Fla. 1958, 101 So.2d 375, 376; LeJuene Road Hospital, Incorporated v. Watson, Fla. App.1965, 171 So.2d 202, 204.