PER CURIAM.
Deborah Fassy appeals from an order of the trial court granting relief to the defendants, attorneys Auerbach and Neufeld, pursuant to Florida Rule of Civil Procedure 1.540(b). The order set aside a final judgment in Fassy’s favor.
The underlying litigation involves an alleged breach of contract regarding a professional services agreement entered into by the parties. The trial court granted the attorneys’ motion for 1.540(b) relief on the stated basis that the attachments to the complaint were at variance with the complaint itself. Although Fassy sued Auer-bach and Neufeld in their individual capacities, the professional services agreement attached to the complaint had been executed by the professional associations and not by the individual attorneys. We think it is significant that the individual attorneys answered the complaint, counterclaimed, and never raised the defense of improper parties. Following numerous hearings involving discovery matters, default judgment was entered against Auer-bach and Neufeld.
We agree with Fassy that Auerbach and Neufeld could have and should have raised the defense of improper parties in their original responsive pleadings. Their failure to do so disposed of the matter. A Rule 1.540(b) motion does not authorize a party to relitigate a previously resolved issued. See Schweitzer v. Seaman, 383 So.2d 1175 (Fla. 4th DCA 1980); Miami Nat’l Bank v. Sobel, 198 So.2d 841 (Fla. 3d DCA), cert. dismissed, 207 So.2d 687 (Fla. 1967).
The order granting 1.540(b) relief is accordingly reversed.[1]

. Auerbach and Neufeld brought a direct appeal from the default judgment below, No. 86-3006, which was abated pending disposition of this appeal. The order of abatement has been vacated and the direct appeal reinstated by separate clerk’s order.