692 So.2d 878 (1997)
Anthony BRYAN, Appellant,
v.
Robert A. BUTTERWORTH, etc., Appellee.
No. 87777.
Supreme Court of Florida.
March 27, 1997.
Rehearing Denied April 28, 1997.
*879 Pamela H. Izakowitz, Assistant CCR, Office of the Capital Collateral Representative, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General and Charlie McCoy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
We have on appeal the denial of the request by Anthony Bryan, a death-sentenced defendant, for disclosure of records in the possession of the State. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We affirm.
Bryan was convicted of first-degree murder and sentenced to death for accosting an elderly night watchman in 1983, striking him on the back of the head, and then shooting him in the face with a shotgun as he lay on the ground. Bryan v. State, 533 So.2d 744 (Fla.1988). The conviction and sentence were affirmed in 1988. Id. Bryan sought disclosure in 1994 of certain State files relating to the case and the trial court denied the request. Bryan seeks review, claiming that the court erred in ruling that the materials are not public records. We disagree.
After conducting an in-camera review of the requested materials, the trial court issued the following order:
FINAL ORDER
This matter came before the Court upon Plaintiff's "Complaint for Disclosure of Public Records" under chapter 119, Florida Statutes; and Defendant's "Renewed Motion for In Camera Proceeding." A final hearing, which included an in camera inspection of documents withheld from disclosure, was held on February 7, 1996.
Facts
The Court finds that Bryan is an inmate under a death sentence. By letter dated September 7, 1994, a Capital Collateral Representative (CCR) investigator requested access to Defendant's files relating to Bryan. By letter dated September 22, 1994, Defendant allowed CCR to inspect the files.
Upon CCR's inspection of Defendant's files, some documents were withheld from disclosure. CCR filed the instant complaint.
Pursuant to this Court's order, Defendant filed a list of the withheld documents. That list arranged the withheld documents into ten items, generally described the documents, and set forth the exemptions claimed. CCR objected to the specificity of the list and the propriety of withholding the documents under the exemptions claimed.
After CCR's objection, Defendant provided copies of the documents originally withheld as items (4) through (10) on Exhibit A. Therefore, the hearing on February 7, 1996, was limited to in camera review of items (1) through (3), which will be addressed separately below.
Conclusions of Law Jurisdiction Over Brady Claims
Upon conclusion of the Court's review of the withheld documents, Defendant asked if the Court observed any documents that could be subject to disclosure under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In response the Court makes two observations. First, this Courtwhich did not preside over Bryan's trialwould be very hard-pressed to determine whether any of the withheld documents would be exculpatory and material as required by Brady. Second, it appears that none of the withheld documents are Brady material. The withheld documents all appear to be "work product" prepared from pre-existing papers such as transcripts of proceedings or depositions. The *880 pre-existing papers would have already been available to Bryan.
Propriety of Withholding Documents From Disclosure
Preliminarily, the Court holds that the list of withheld documents provided to Plaintiff's counsel by Defendant met the requirements of section 119.07(2)(a), Florida Statutes.
The first item of withheld documents was described as:
(1) Two yellow pads and one white legal pad setting forth AAG's mental impressions and strategy (used in preparation for state evidentiary hearing/collateral appeals therefrom and pending federal habeas corpus action).
Upon the Court's inspection, this type of document included notes made from a review of transcripts, a list of issues to be argued, etc.; all apparently for later use in litigation. These documents do not constitute public records and are not subject to disclosure under chapter 119. Shevin v. Byron, Harless, Schaffer, Reid, and Associates, Inc., 379 So.2d 633, 640 (Fla.1980) ("Matters which obviously would not be public records are rough drafts, notes to be used in preparing some other documentary material...."). Alternatively, to the extent any of these documents are "work product" constituting public records, they are exempt from disclosure under section 119.07(3)(1), Florida Statutes (1995).
The second item of withheld documents was described as:
(2) Four stapled yellow sheets, five stapled typed sheets and six loose typed sheets summarizing psychological reports etc., prepared by AG's paralegal for use by AAG.
The "four stapled yellow sheets" are synopses of neuropsychological and competency evaluations performed by persons who had been, or would be, witnesses. The synopses, with cross-references to appendices and pages of other documents, apparently were prepared for later use at trial. The synopses are exempt for the reasons given as to item (1). The "six loose typed sheets" are a summary of a competency hearing held December 31, 1985, and a synopsis of another psychological evaluation. These are exempt for the reasons given as to item (1).
The third item of withheld documents was described as:
(3) Three copies of map, one with colored annotations, prepared by AAG handling direct appeal.
These documents are comprised of a common highway map of the Gulf Coast states, Georgia and Alabama; upon which someone has drawn lines depicting the route of another person's travels. While the base map itself is not exempt, the annotations thereon are exempt for the reasons given as to item (1).
Based on arguments of counsel at the noted hearing, and the Court's inspection of the withheld documents, it is ORDERED and ADJUDGED:
The documents described above were properly withheld from Plaintiff's inspection. To the extent Plaintiff's complaint seeks disclosure of those documents, the complaint is denied.
(Footnotes omitted.)
The Florida Supreme Court explained the meaning of "public record" under Florida's Public Records Law, chapter 119, Florida Statutes (1975):
To give content to the public records law which is consistent with the most common understanding of the term "record," we hold that a public record, for purposes of section 119.011(1), is any material prepared in connection with official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type. To be contrasted with "public records" are materials prepared as drafts or notes, which constitute mere precursors of governmental "records" and are not, in themselves, intended as final evidence of the knowledge to be recorded. Matters which obviously would not be public records are rough drafts, notes to be used in preparing some other documentary material, and tapes or notes taken by a secretary as dictation. Inter-office memoranda and *881 intra-office memoranda communicating information from one public employee to another or merely prepared for filing, even though not a part of an agency's later, formal public product, would nonetheless constitute public records inasmuch as they supply the final evidence of knowledge obtained in connection with the transaction of official business.
Shevin v. Byron, Harless, Schaffer, Reid and Associates, 379 So.2d 633, 640 (Fla.1980).
As is apparent from the trial court's order quoted above, the court's application of the Shevin standard to the materials in issue in the present case was largely a factual determination hinging on the court's in-camera review of the documents. See generally State v. Kokal, 562 So.2d 324, 327 (Fla.1990) (where there is any doubt as to the propriety of disclosure of a particular document, the party should "furnish[] it in camera to the trial judge for a determination"). To the extent that these documents do not fall within the scope of those materials protected from disclosure under Shevin, they clearly fall within the work product exemption of section 119.07(3)(l), Florida Statutes (1995).
Our review of the record shows that competent substantial evidence supports the trial court's findings. Accordingly, we will not second-guess the trial court on this matter. See Orme v. State, 677 So.2d 258, 262 (Fla. 1996) ("Our duty on appeal is to review the record in the light most favorable to the prevailing theory and to sustain that theory if it is supported by competent substantial evidence."), cert. denied, ___ U.S. ___, 117 S.Ct. 742, 136 L.Ed.2d 680 (1997). We affirm the order under review.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.