902 So.2d 184 (2005)
BARE NECESSITIES, INC., a Florida corporation, Appellant,
v.
Maria Del Carmen ESTRADA, Appellee.
No. 3D04-1092.
District Court of Appeal of Florida, Third District.
February 23, 2005.
Rehearing and Rehearing Denied June 10, 2005.
Michael A. Vandetty, Miami, for appellant.
Herzfeld Rubin and Daniel L. Koch, Miami, for appellee.
Before COPE, GREEN, and WELLS, JJ.
Rehearing and Rehearing En Banc Denied June 10, 2005.
WELLS, Judge.
Bare Necessities, Inc. (Mortgagor), the owner of a parcel of commercial real estate, appeals a final judgment of foreclosure claiming that foreclosure was precluded by its payment of all amounts due prior to receipt of notice of acceleration. See Campbell v. Werner, 232 So.2d 252, 256 (Fla. 3d DCA 1970)(concluding that a contractual provision for acceleration of a mortgage indebtedness may be disregarded where "the mortgagor tenders payment of defaulted items, after the default but before notice of the mortgagee's election to accelerate has been given"); see also New England Mut. Life Ins. Co. v. Luxury Home Builders, Inc., 311 So.2d 160, 163 (Fla. 3d DCA 1975)(noting that "while acceleration *185 can be obviated by a tender by the mortgagor (owner), made after a default or defaults, to pay all amounts due, in order for such a tender to be effective it must be made before an election to accelerate is made"). Although the evidence was conflicting as to whether Bare Necessities made its installment payments current before notice of acceleration was received, the trial court resolved this issue in the mortgagee's favor. Since there is competent, substantial evidence to support this determination, we affirm on this point. See, e.g., Bryan v. Butterworth, 692 So.2d 878, 881 (Fla.1997)(holding that when competent, substantial evidence supports a trial court's ruling, the appellate court will not "second-guess the trial court"); Orme v. State, 677 So.2d 258, 262 (Fla.1996)(observing "[o]ur duty on appeal is to review the record in the light most favorable to the prevailing theory and to sustain that theory if it is supported by competent substantial evidence"); Shaw v. Shaw, 334 So.2d 13, 16 (Fla.1976)(stating "[i]t is not the function of the appellate court to substitute its judgment for that of the trial court.... The test ... is whether the judgment of the trial court is supported by competent evidence"); Espino v. Anez, 665 So.2d 1080, 1081-82 (Fla. 3d DCA 1995)(confirming that appellate courts may not reweigh the evidence or make credibility determinations and must affirm the factual determinations of the trier of fact if supported by any competent evidence).
We also reject Bare Necessities' claim that, because the final judgment was based in significant part on credibility determinations, it was entitled to have the judgment set aside because its own telephone records demonstrated that the mortgagee had lied about giving Bare Necessities telephonic notice of its default. As the trial court noted, not only were the notices of default and acceleration the focus of both the trial and substantial discovery, but the documents purportedly confirming the mortgagee's dishonesty about the notice of default were also available to Bare Necessities, and at its disposal for impeachment and any other purposes, at the time of trial. Under the circumstances, we find no abuse of discretion in the denial of Bare Necessities' rule 1.540 motion. See LPP Mortgage Ltd. v. Bank of America, N.A., 826 So.2d 462, 463-64 (Fla. 3d DCA 2002)(noting that "[w]hether relief should be granted pursuant to Rule 1.540 is a fact specific question and the trial court's ruling should not be disturbed on appeal absent a gross abuse of discretion"); Ashland Oil, Inc. v. Pickard, 289 So.2d 781, 782 (Fla. 3d DCA 1974)(confirming that relief from judgment under rule 1.540(b)(3) is directed to the sound discretion of the trial court); see also Shongut v. Malnik, 173 So.2d 708, 709 (Fla. 3d DCA 1965) (finding no abuse of discretion in denial of a motion under the predecessor to rule 1.540 where the matters raised in the motion were "available to the movant during the trial proceedings"). Since we find no merit in Bare Necessities' remaining point regarding equitable re-instatement of the mortgage, we affirm the final judgment of foreclosure.
AFFIRMED.
GREEN, J., concurs.
COPE, J. (dissenting).
The appellee lender had for years accepted late payments from the appellant borrower. If the lender wanted to change that practice and insist on strict compliance, she had the right to do so  upon giving fair notice to the borrower. Instead she switched to a position of requiring strict compliance from the borrower (without fair notice) while asking the court to excuse her procedural irregularities in sending the notice of acceleration to a *186 nonexistent address, and closing her bank account in an attempt to prevent the borrower from making a payment.
It was inequitable under these circumstances to foreclose the mortgage.