990 So.2d 551 (2008)
PIANETA MIAMI, INC., Appellant,
v.
Alan and Diane LIEBERMAN, Appellees.
No. 3D06-344.
District Court of Appeal of Florida, Third District.
June 18, 2008.
Rehearing and Rehearing En Banc Denied September 2, 2008.
*552 Arnstein & Lehr, and Franklin Zemel and John M. Cooney, Ft. Lauderdale, for appellant.
Robert P. Frankel and Nolan K. Klein, Miami, for appellees.
Before COPE, GREEN, and SALTER, JJ.
PER CURIAM.
This is an appeal from a final judgment awarding damages and prejudgment interest to the appellees, Alan and Diane Lieberman, for "unjust enrichment."
Alan and Diane Lieberman purchased the Angler Hotel, which was owned by the appellant, Pianeta Miami, Inc. During negotiations for the purchase of the hotel, the Liebermans dealt with Angelo Pizzutto who was fraudulently posing as Pianeta's President. When Pianeta realized that its property had been "sold," it sued the Liebermans for ejectment and quiet title claiming that Pizzutto had sold the hotel without authority. The Liebermans counter-sued seeking damages for unjust enrichment.[1] The trial court, following a *553 jury trial, entered a final judgment quieting title and granting the Liebermans' ejectment. In addition, the Liebermans prevailed on their unjust enrichment counter-claim. The parties appealed and cross-appealed to this court. We affirmed the final judgment in its entirety. Lieberman v. Pianeta Miami, Inc., 865 So.2d 662 (Fla. 3d DCA 2004) ("Pianeta I"). Neither party sought rehearing or clarification of our ruling.
Following our mandate, the proceedings on damages for the Liebermans' unjust enrichment claim took place. The Liebermans were awarded $38,035.46. This amount represented the property taxes that the Liebermans had paid while they held possession of the property. The Liebermans filed a motion for relief from judgment claiming that Pianeta's President had given misleading testimony on a critical element of the Liebermans' damages claim.[2] The trial court granted the motion finding that it had been misled into believing that no active market existed for the purchase of the hotel, and therefore it disallowed any evidence regarding the valuation of the property. Accordingly, the Liebermans were granted relief from the judgment and a second trial on the amount of unjust enrichment damages was ordered. At this new trial, the subsequent ultimate buyer of the hotel testified that he had offered Pianeta five-million dollars to purchase the Angler Hotel. This price took into account the following items that were paid for by the Liebermans: rezoning, Historic Preservation Board and Board of Adjustment approvals, and an architect's plans for the property. The trial court found that: it would be "inequitable" not to reimburse the Liebermans for these items. Accordingly, the court entered judgment for the following amounts plus prejudgment interest to be determined:

a) Property Taxes $ 38,035.46
b) Zoning Improvements 60,000.00
c) HP & BOA Approval 50,000.00
d) Shulman [Architect] Plans 19,320.28
 ____________
 Total $167,355.74

Thereafter, the trial court awarded the Liebermans prejudgment interest on the real estate taxes paid in May 2002, but denied prejudgment interest for the other items awarded in its judgment.
On appeal Pianeta claims, among other things, that the liability and damages determination in favor of the Liebermans on their unjust enrichment claim should be vacated. We disagree and affirm.
The final judgment finding Pianeta liable for unjust enrichment damages was affirmed in Pianeta I. Specifically, in Pianeta I we stated:
[t]his is an appeal from a final judgment after a jury trial against appellants/defendants, Alan and Diane Lieberman, quieting title granting ejectment and finding appellee/plaintiff, Pianeta Miami, Inc. liable for unjust enrichment. The trial court reserved jurisdiction for a trial to determine the amount of unjust enrichment.... We affirm. *554 865 So.2d at 662-63 (emphasis added). Pianeta did not challenge our ruling by either filing a motion for rehearing or a motion for clarification. Where, as here, an order has already been appealed and affirmed "common sense and the principles of res judicata" dictate that it cannot be appealed for a second time. Sibley v. Sibley, 885 So.2d 980, 981 (Fla. 3d DCA 2004). Furthermore, the order affirmed in Pianeta I found the Liebermans entitled to unjust enrichment damages. This finding is the law of the case and cannot be revisited on this appeal. See Greene v. Massey, 384 So.2d 24, 28 (Fla.1980) ("[A]ll points of law which have been adjudicated become the law of the case and are, except in exceptional circumstances, no longer open for discussion or consideration in subsequent proceedings in the case."). See also Quast v. Quast, 498 So.2d 1307, 1308 (Fla. 4th DCA 1986) (where decree has been affirmed on appeal, law of the case has been established). Thus, Pianeta is precluded from challenging its liability to the Liebermans for unjust enrichment damages on this appeal.
We also affirm the amount of damages awarded to the Liebermans for their unjust enrichment claim because the award was based upon competent and substantial record evidence. See Bryan v. Butterworth, 692 So.2d 878 (Fla. 1997) (when competent, substantial evidence supports trial court's ruling, the appellate court will not "second guess the trial court."); Bare Necessities, Inc. v. Estrada, 902 So.2d 184 (Fla. 3d DCA 2005) (where finding of fact is based on competent, substantial evidence, the finding should be affirmed).
Finding no merit to any of the remaining issues on appeal, we affirm.
NOTES
[1] The counter-claim was bifurcated with liability to be determined by the jury and, if necessary, damages to be assessed at a later date.
[2] At the trial, held in January 2005, Pianeta represented that no party had come forward seeking an interest in purchasing the Angler Hotel. Following the trial, the court learned that in December 2004, an offer of $4.5 million had been made to Pianeta to purchase the property. Indeed, Pianeta's real estate broker testified that Pianeta told him that it did not want to sign a contract for sale of the property until the litigation with the Liebermans was concluded. Immediately following the initial trial on unjust enrichment damages, Pianeta sold the hotel for $5 million to the same party that had offered the $4.5 million.