HAZOURI, J.
 

 Michael Butler appeals from a final judgment in a declaratory action filed by The City of Hallandale Beach (the City), which sought a declaration that a list of recipients of a personal email sent by Hal-landale Beach Mayor, Joy Cooper, was not sent in connection with the discharge of any municipal duty and, therefore, is not a public record under Florida’s Public Records Law, Chapter 119, Florida Statutes (2009).
 

 The email in question was sent by Cooper from her personal email account, using her personal computer, and was blind carbon copied to friends and supporters. The email itself was very brief, and contained three articles that Cooper wrote as a contributor to the South Florida Sun Times (Times) as an attachment. Cooper has been a weekly columnist for the Times for more than four years. The three articles included as an attachment to the email were: (1) a transcript of the 2009 State of the City Address; (2) a transcript of Part Two of the State of the City Address; and (3) an article about tax questions raised at prior commission meetings.
 

 The trial court found that Cooper was under no obligation pursuant to the statute or ordinance to notify her friends and supporters that a column had been published, and further that the City played no role in Cooper’s decision to send the email to friends. Therefore, Butler was not entitled to the names and email addresses of the recipients of the email. We agree and affirm.
 

 Public access to records and meetings of public officials is established by Article I,
 
 *280
 
 section 24(a) of the Florida Constitution, which states, “[ejvery' person has the right to inspect or copy any public record made or received in connection with the official business of any ... officer, or employee of the state ... except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution.” Section 24(c) provides that the state legislature, by a two-thirds vote of each house of the legislature, has the power to enact exemptions to section 24(a)’s disclosure requirements. Art. I, § 24(c), Fla. Const.
 

 Section 119.011(12) defines a “public record” as:
 

 [A]ll documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data pi'oeessing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by an agency.
 

 § 119.011(12), Fla. Stat. (2009). And section 119.011(2) defines “agency” as:
 

 [A]ny state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law including, for the purposes of this chapter, the Commission on Ethics, the Public Service Commission, and the Office of Public Counsel, and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency.
 

 § 119.011(2), Fla. Stat. (2009). Cooper qualifies as an “agency” as set forth in section 119.011(2), since the Mayor is a municipal officer acting on behalf of the municipality and is thus subject to the directives of this section.
 

 “The determination of what constitutes a public record is a question of law entitled to de novo review.”
 
 State v. City of Clearwater,
 
 863 So.2d 149, 151 (Fla.2008) (quoting
 
 Media Gen. Convergence, Inc. v. Chief Judge of the Thirteenth Judicial Circuit,
 
 840 So.2d 1008, 1013 (Fla.2003)).
 

 In
 
 City of Clea'i’water,
 
 the Florida Supreme Court analyzed the issue of whether e-mails are considered public records. In that case, a reporter requested that the city provide copies of all e-mails either sent from or received by two city employees over the city’s computer network.
 
 Id.
 
 at 150. At issue was whether the e-mails, by virtue of the city’s possession on their network, were public records.
 
 Id.
 
 at 151. The court concluded that the definition of public records is limited to public information related to records, and further defined the term “records” as those materials that have been prepared with the intent of perpetuating or formalizing knowledge.
 
 Id.
 
 at 154 (quoting
 
 Shevin v. Byron, Harless, Schaffer, Reid & Assocs., Inc.,
 
 379 So.2d 633, 640 (Fla.1980)). The court emphasized that the mere placement of an e-mail on a government network is not controlling in determining whether it is public record, but rather, whether the e-mail is prepared in connection with the official business of an agency and is “intended to perpetuate, communicate, or formalize knowledge of some type.”
 
 Id.
 
 (quoting
 
 Shevin,
 
 379 So.2d at 640).
 

 The court in
 
 City of Clearwater
 
 also emphasized that a common sense approach should be used in determining whether a communication is public record, and further emphasized that “[t]he determining factor is the nature of the record, not its physical location.”
 
 Id.
 
 Just as the supreme court concluded that the mere fact that the email was a product of the City’s computer network did not automati
 
 *281
 
 cally make it a public record, the City concedes that the mere fact that Cooper’s email was sent from her private email on her own personal computer is not the determining factor as to whether the email was a public record. Once again, it is whether the email was prepared in connection with official agency business and intended to perpetuate, communicate, and formalize knowledge of some kind.
 
 See id.
 

 The City played no role in Cooper’s decision to write articles for the Times. The City played no role in identifying the topics about which Cooper chose to write and exercised no control over the content of the articles. The City played no role in Cooper’s decision to distribute or not to distribute her Times articles, or the means by which she chose to do so. The City played no role in deciding to whom Cooper chose to distribute the copies of her articles; Cooper herself decided to distribute the articles to select personal friends and supporters at her own discretion. The email that Cooper sent was not intended to perpetuate, communicate, or formalize the City’s business; it was simply to provide a copy of the articles to Cooper’s friends and supporters. The email was not made pursuant to law or in connection with the transaction of official business by the City, or Cooper in her capacity as Mayor.
 

 As previously noted, Chapter 119 is a legislative clarification of Article I, section 24(a) of the Florida Constitution, which provides that “[ejvery person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf.” The articles had been previously published where anyone could inspect or copy them and the email forwarding copies of the articles was not prepared in connection with the official business of the Mayor or the City.
 

 We, therefore, affirm the trial court’s determination that these articles, the email, email addresses, and names of its recipients were not public records under Chapter 119.
 

 Affirmed.
 

 WARNER, J., and MONACO, TOBY S., Associate Judge, concur.