NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

AGROSOURCE, INC., a Delaware corporation,

        Appellant,

v.

FLORIDA DEPARTMENT OF CITRUS, a Florida state agency,

        Appellee.

Case No. 2D13-4624

Opinion filed October 1, 2014.

Appeal from the Circuit Court for Polk County; Wm. Bruce Smith, Judge.

Lewis J. Conwell and J. Trumon Phillips of DLA Piper LLP (US), Tampa, for Appellant.

Monterey Campbell, Mark N. Miller, Kristie Hatcher-Bolin, and William Roberts of GrayRobinson, P.A. Lakeland; and Mayanne Downs of GrayRobinson, P.A. Orlando, for Appellee.

BLACK, Judge.

        AgroSource, Inc., appeals the order denying access to twenty-two emails that were the subject of a public records request, asserting that the trial court did not conduct a proper inspection of these documents. We affirm because the trial court's

determination that the responsive emails[1] were exempt from disclosure is supported by competent, substantial evidence. See Bryan v. Butterworth, 692 So. 2d 878, 881 (Fla. 1997) (holding that where "the record shows that competent substantial evidence supports the trial court's findings" that the documents were exempt from disclosure, said findings will not be "second guess[ed]"). The trial court considered the testimony of the authoring attorney and performed an in camera inspection of the documents, and there is no indication from the record that the trial court abused its discretion in concluding that the responsive emails were exempt from disclosure. See id.

MORRIS, J., Concurs.
ALTENBERND, J., Concurs in part and dissents in part with opinion.

ALTENBERND, Judge, Concurring in part and dissenting in part.

This is an appeal from an order denying access to twenty-two emails that were the subject of a public records request. Although after a de novo review I agree that all of the content within the bodies of these emails is exempt from disclosure as material prepared by an agency attorney in anticipation of imminent civil litigation, see § 119.071(1)(d)(1), Fla. Stat. (2012), I am unconvinced that some of the attachments to

---

[1]The first email predated the time frame of AgroSource's request, and the trial court found that email to be nonresponsive to the request.

the emails are exempt.  See § 119.07(1)(d), Fla. Stat. (2012) ("A person who has custody of a public record who asserts that an exemption applies to a part of such record shall redact that portion of the record to which an exemption has been asserted and validly applies, and such person shall produce the remainder of such record for inspection and copying.").  I write primarily to comment on the Appellant's argument that the trial court did not do a proper review of the documents and to disclose my confusion about our standard of review in this case.

AgroSource, Inc. (AgroSource), and the Florida Department of Citrus (the Department) have had a contractual relationship for several years.  AgroSource has been attempting to develop a chemical that would cause ripe citrus to fall from trees, thereby making it easier and more economical to harvest the fruit.  The Department has expended substantial funds on this project.  The chemical apparently showed initial promise but ultimately had environmental side effects.  As a result, the relationship between AgroSource and the Department soured.  By 2012, litigation seemed likely.

In the latter half of 2012 and the first few months of 2013, the Department's attorney sent a series of emails to persons within the Department concerning this dispute.  Thereafter, AgroSource filed a broad public records request and the Department provided many documents.  The Department declined to provide the emails on the ground that these documents were prepared by an agency attorney in anticipation of imminent civil litigation.  See § 119.071(1)(d).  AgroSource then filed a two-count complaint, which included a count titled "Civil Action to Enforce Public Records Act."

The trial court conducted a hearing at which the Department's attorney testified. The emails in contention had been filed under seal with the trial court immediately before the hearing and thus had not been reviewed by the trial court prior to the hearing. Because the documents were filed under seal, the Department's attorney did not discuss the details of the emails and did not explain individually why the items attached to those emails were exempt. He did, however, testify that in his opinion all of the responsive emails were exempt because they were prepared in anticipation of litigation and contained his "mental impressions, legal theories, and legal conclusions, and legal strategies." Without any access to the emails, AgroSource's attorneys understandably were at a disadvantage when cross-examining the attorney.

Counsel for both parties recognized that the trial court would need to conduct an in camera inspection, see § 119.07(1)(g), and at the end of the hearing the trial court took the matter under advisement. Thereafter, the trial judge issued a several-page order in which he indicated that he had conducted an in camera review of the twenty-two email records. In the order, the trial court found that one of the emails was not responsive to AgroSource's public records request and that the remaining emails were exempt under section 119.071(1)(d). The order does not make individual findings as to the separate emails and attachments. The order concluded by denying AgroSource access to the documents.

On appeal, AgroSource argues that the trial judge did not make a proper inspection of these documents. AgroSource, of course, has no actual knowledge about the judge's in camera inspection of the documents. In light of the judge's decision, he could not reveal more than the fact that he had conducted the inspection. Accordingly,

AgroSource is not arguing that the trial court made a specific error; it is arguing that in our own in camera inspection, it hopes that we will discover that the trial court committed an error. Thus, AgroSource's argument in this appeal turns on this court's conducting a de novo in camera inspection and discovering that the trial court committed an error.

I should emphasize at this point that I have total confidence this experienced circuit court judge conducted a full and fair review of these emails and that he made his decision with care and in utmost good faith. A judge presiding in a court of record is always challenged by the secret nature of an in camera inspection. It is a time when a judge, as a sworn constitutional officer, takes his or her responsibility to fulfill the rule of law with the greatest of care.

It would have made this court's review easier if the trial court could have made individualized findings as to each email and attachment. But the secret nature of the documents would have caused such findings to be written in the most conclusory of language. Thus, I conclude the trial court did not err in stating the single conclusion that twenty-one of these emails fit within the exemption without further elaborating on the factual basis for that decision.[2]

Our standard of review, which could be outcome determinative, is unclear. There are public records cases that invoke the de novo standard of review when the issue appears to be a question of law. State v. City of Clearwater, 863 So. 2d 149, 151

---

[2]Because this court affirms the order on appeal, we likewise cannot disclose information about the content of the sealed records.

(Fla. 2003); Butler v. City of Hallandale Beach, 68 So. 3d 278, 280 (Fla. 4th DCA 2011). AgroSource asks this court to apply the de novo standard.

The Department admits that the issue of whether a document is a public record is a question of law for de novo review. But the Department argues that once it is determined that a document is a public record, whether that public record is exempt under the litigation exemption is a matter that must be established in the trial court by competent, substantial evidence. The Department contends that if the exemption is established by such evidence, the appellate court cannot "second guess" the trial court. See Bryan, 692 So. 2d at 881 (involving the denial of a death-penalty defendant's request for the disclosure of records in the possession of the State) (citing Orme v. State, 677 So. 2d 258, 262 (Fla. 1996)). Applying this analysis, the standard of review is essentially abuse of discretion. See, e.g., Chavez v. State, 132 So. 3d 826 (Fla. 2014) (involving the denial of a death-penalty defendant's request for public records filed pursuant to Florida Rule of Criminal Procedure 3.852). Under this standard of review, the appellate court would examine the transcript of the hearing, but it would not need to do an independent, de novo review of each document.

The majority's affirmance in this case is based on this Bryan standard of review. Because the lawyer testified that his emails were in anticipation of litigation and the trial court accepted that testimony, the majority will not "second guess" the trial court's review of the records.

I have applied a full de novo standard of review. While I have given deference to the opinion of the Department's attorney that his emails are exempt under section 119.071(1)(d), and I do not review that testimony for any issue of credibility, I

believe it is incumbent on this court to review all of these records to make our own separate determination as to whether the documents in their entirety fall within the anticipation-of-imminent-litigation exemption.

Although "anticipation of imminent civil . . . litigation" has a factual component, determining whether the content of each document entirely reflects "a mental impression, conclusion, litigation strategy, or legal theory of the attorney or the agency" is a mixed issue with a major legal component. § 119.071(1)(d)(1). It can and should be reviewed de novo.

In this case there really is no factual question as to whether the lawyer reasonably anticipated imminent litigation. He did and he was correct to do so. Given the undisputed, but secret, content of these emails and the strong public policies supporting open government in Florida, I am convinced that both the trial court and this court can and should independently examine the documents to determine whether they are entirely exempt. Such a review by a district court is little different from the "second guessing" that we perform when conducting a de novo review of an order granting summary judgment on a claim of negligence.

The "second guess" prohibition was established in the context of collateral review of death penalty cases, which are a common source of litigation over this exemption. I do not deny this large and consistent body of law. But this is perhaps another example of death penalty cases being different. The type of documents sought in death penalty cases, the nature of collateral review, and the supreme court's involvement in all steps toward the imposition of the death penalty justify giving the trial court more discretion in the production of the public records involved in those cases. I

am not convinced that the deference shown to the trial court's determination in a death penalty collateral review should apply in the context of public records sought prior to the filing of civil litigation over a large public contract.

Section 119.07(1)(d) places the obligation to redact the part of a record that is exempt upon the person in custody of the public record. When an agency declines to produce the entirety of a document, the member of the public who requests the document has no ability to make any specific argument that the document should be produced in part. It seems to me that when public records are kept inside the proverbial black box, the trial court's review should include a determination of whether the documents could be redacted and produced in part. In this case, which may be a matter of first impression, I believe that many of the email attachments can be severed from the email. At least some of the attachments in this case appear to me to be documents that could be produced separately without revealing any litigation theory or strategy.

Accordingly, while I would affirm as to the majority of these documents, I would either remand to the trial court to perform a redaction analysis of these emails and their attachments or I would perform that task de novo in this court.