# Third District Court of Appeal

## State of Florida

Opinion filed March 30, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1003
Lower Tribunal No. 21-7688

_____

**City of Sunny Isles Beach, etc., et al.,**
Appellants,

vs.

**Jeannette Gatto,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Carlos Lopez, Judge.

Nabors, Giblin & Nickerson, P.A., and Edward A. Dion and Valerie Vicente (Plantation), for appellants.

Kuehne Davis Law, P.A., and Benedict P. Kuehne and Michael T. Davis; Michael A. Pizzi, Jr., P.A., and Michael A. Pizzi, Jr., for appellee.

Before SCALES, LOBREE and BOKOR, JJ.

SCALES, J.

The City of Sunny Isles Beach, Florida (the "City"), and one of its commissioners, Dana Goldman, appeal the trial court's order that determined, under Florida's Public Records Law,[1] that text messages between Goldman and her husband, communicated during a City Commission meeting, are subject to inspection. We reverse the challenged order because the text messages between Goldman and her husband are not "public records" as defined by Florida's Public Records Law.

## I. Background

During a Sunny Isles Beach City Commission meeting on November 19, 2020, a meeting conducted via Zoom, Goldman was observed on screen texting on her phone. On November 20, 2020, a city resident, appellee Jeanette Gatto, served the City's clerk with a public records request that sought copies of the text messages. The City's clerk acknowledged receipt of Gatto's request and forwarded the request to Goldman. After several unsuccessful attempts to have the City respond to the request, Gatto, on March 30, 2021, filed a chapter 119 lawsuit against the City and Goldman in Miami-Dade County Circuit Court. In relevant part, Gatto's lawsuit alleged

---

[1] Florida's Public Records Law is codified in chapter 119 of the Florida Statutes and, as more particularly described herein, requires, among other things, a government to allow inspection of public records.

2

that the requested text messages "were made during a City Commission Meeting and pertain[ed] to City business."

Pursuant to section 119.11(1),[2] the trial court conducted an April 12, 2021 expedited hearing on Gatto's claims, at which it ordered the City and Goldman to provide the trial court with all of Goldman's text messages sent or received during the November 19, 2020 City Commission meeting to allow the trial court to conduct an *in camera* review of these text messages.

Two sets of text messages were produced to the trial court: (i) messages between Goldman and a city resident named Andrey Ryzhichkov; and (ii) messages between Goldman and her husband (the "Husband Texts").[3] After conducting the *in camera* review, the trial judge directed his judicial assistant to disseminate to the parties' counsel, via email, those text messages the trial judge deemed to be public records – both the Ryzhichkov texts and the Husband Texts. Without providing the requisite 48 hours' notice[4] of the trial court's determination, the text messages were e-mailed to

---

[2] Section 119.11(1) reads as follows: "Whenever an action is filed to enforce the provisions of this chapter, the court shall set an immediate hearing, giving the case priority over other pending cases." § 119.11(1), Fla. Stat. (2021).

[3] It is unclear from the record on appeal whether there were text messages between Goldman and other people.

[4] Section 119.11(2) reads as follows: "Whenever a court orders an agency to open its records for inspection in accordance with this chapter, the agency

3

the parties' counsel. The City and Goldman immediately moved for a protective order (to prevent the parties' counsel from disseminating the text messages) and for reconsideration of the trial court's determination that the text messages were public records subject to inspection.

On April 21, 2021, the trial court entered the order on appeal that granted that portion of the City and Goldman's motion seeking a protective order (ordering the parties' counsel not to disclose or disseminate the judicial assistant's email for 48 hours), but it denied that portion of the City and Goldman's motion that sought reconsideration. The City and Goldman timely appealed this order, and the trial court entered an agreed order to stay proceedings pending this appeal. The agreed stay order allowed the release of the Ryzhichkov texts to Gatto but prohibited disclosure of the Husband Texts pending disposition of this Court.

In the Ryzhichkov texts, Goldman and Ryzhichkov discussed Sunny Isles Beach business and procedures. Goldman also made unflattering remarks about a fellow Commissioner. The City and Goldman did not appeal the disclosure of these texts. Gatto's appeal focuses only on the Husband Texts.

---

shall comply with such order within 48 hours, unless otherwise provided by the court issuing such order, or unless the appellate court issues a stay order within such 48-hour period. § 119.11(2), Fla. Stat. (2021).

**II. Analysis**

We review *de novo* a trial court's determination of whether a record is a public record subject to inspection under Florida's Public Records Law. Media Gen. Convergence, Inc. v. Chief Judge of the Thirteenth Jud. Cir., 840 So. 2d 1008, 1013 (Fla. 2003).

Florida's Public Records Law defines "public records" as documents and other defined types of materials and media that are made "in connection with the transaction of official business by any agency." § 119.011(12), Fla. Stat. (2021). "Agency" includes a "municipal officer" such as a city commissioner. § 119.011(2), Fla. Stat. (2021). A city commissioner's text message may be a public record. O'Boyle v. Town of Gulf Stream, 257 So. 3d 1036, 1040 (Fla. 4th DCA 2018) ("An elected official's use of a private cell phone to conduct public business via text messaging can create an electronic written public record subject to disclosure."). A private communication by a municipal official, however, falls outside of the definition of a public record. State v. City of Clearwater, 863 So. 2d 149, 153 (Fla. 2003); Butler v. City of Hallandale Beach, 68 So. 3d 278, 281 (Fla. 4th DCA 2011) (holding that Mayor's email enclosing copies of newspaper articles she wrote was not a public record).

Gatto argues that the Husband Texts are public records because they were communicated during a public meeting, they touched on City matters, and they bear some similarity in subject matter to the Ryzhichkov texts, which the City and Goldman concede constitute public records.[5]

Goldman's text messages with her husband, though, were uniformly personal and private and were not made in connection with any business transacted by the City. In contrast with her texts to and from Ryzhichkov, Goldman was not acting in her official capacity as a City Commissioner when texting with her husband. Nor did her husband step out of his role as husband and adopt the role of a citizen either seeking to enter a City process or to transact City business. The Husband Texts did not possess the attributes of official business and, therefore, did not become subject to public records

---

[5] We note that this public records case is somewhat different from a public records case in which a stay has been entered because Gatto's counsel *received* the challenged records and is asserting that they are public based, in part, on the documents' content. A party seeking disclosure in public records litigation in which a stay has been granted ordinarily does not have possession of the challenged documents unless and until it has been determined, with finality, that the documents are subject to disclosure. See AgroSource, Inc. v. Fla. Dept. of Citrus, 148 So. 3d 138, 140 (Fla. 2d DCA 2014) (Altenbernd, J. concurring in part, dissenting in part.) Indeed, the purpose of Section 119.11(2)'s 48-hour "hold" period is to allow an appeals court to enter a stay of a judgment ordering disclosure to allow the appeals court to conduct its review of the subject documents *prior* to the documents being disclosed.

inspection. Thus, we reverse that portion of the challenged order determining that the Husband Texts constitute public records subject to disclosure.

Reversed.